UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| GUILLERMO MIER, | ] | CASE   NO.  2:13-cv-00209 |
| | ] | |
| *Plaintiff*, | ] | JURY DEMANDED |
| | ] | |
| v.. | ] | COLLECTIVE ACTION |
| | ] | |
| UNIT CORPORATION d/b/a | ] | |
| UNIT DRILLING CORPORATION d/b/a | ] | |
| UNIT DRILLING COMPANY d/b/a | ] | |
| UNIT PETROLEUM COMPANY d/b/a | ] | |
| UNIT TEXAS DRILLING COMPANY d/b/a | ] | |
| UNIT TEXAS DRILLING LLC, ET AL. | ] | |
| | ] | |
| *Defendant.* | ] | |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Defendant, Unit Corporation d/b/a Unit Drilling Corporation d/b/a Unit Drilling Company d/b/a Unit Petroleum Company d/b/a Unit Texas Drilling Company d/b/a Unit Texas Drilling LLC., et al., ("Defendant" or "Unit Corporation") does not pay overtime to its "Rig Hand" employees – employees who work on site in furtherance of onshore oil and gas drilling and or production. Instead, the drilling company pays straight time for overtime.   Accordingly, Plaintiff Guillermo Mier ("Mier") brings this action on behalf of himself and other similarly situated employees to recover their unpaid overtime and other damages permitted by the Fair Labor Standards Act.

### JURISDICTION AND VENUE

2.      Mier's claims arise under the Fair Labor Standards Act ("FLSA").   29 U.S.C. § 201, et

seq.   Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.   Venue is proper in the Northern District of Texas because Defendant regularly conducts business in this District and a substantial part of the acts and omissions giving rise to Mier's claims occurred in this District.

## PARTIES

4.   In performing his duties, Mier was engaged in commerce or in the production of goods for interstate commerce.   Mier regularly worked over forty hours per week.   However, Mier did not receive overtime pay for all overtime hours he worked.

5.   Defendant Unit Corporation employed Mier within the meaning of the FLSA.   Defendant is subject to the FLSA because it is engaged in commerce or are part of an enterprise engaged in interstate commerce.

6.   Defendant Unit Corporation is, or is part of, an enterprise that has employees handling or selling goods or materials that were moved in or produced for interstate commerce. Defendant Unit Corporation has gross annual revenues of $500,000 or more during the limitations period.   Defendant Unit Corporation may be served with process by serving The Prentice-Hall Corporation Syst+, 800 Brazos St., Austin, TX 78701-2538.

.

## PLAINTIFF'S ALLEGATIONS

7.   The Defendant is a diversified energy company engaged through its subsidiaries in the exploration for and production of oil and natural gas, the acquisition of producing oil and natural gas properties, the contract drilling of onshore oil and natural gas wells, and the gathering and processing of natural gas in the Texas-Panhandle area, in addition to many

2

other regions across the United States.

8.      Mier was employed by the Defendant as an operating employee.   He was paid by the hour. Mier was employed by the Defendant to provide "Rig Hand" services to several of its operating rigs in the Amarillo- North Texas Panhandle area.

9.      Mier was entitled to overtime at one-and-one-half times his regular rate of pay for all hours worked in excess of forty in a work week.

10.     The Defendant, however, paid Mier's overtime hours at the same rate he received for regular hours.   This practice is commonly referred to as paying straight time for overtime.

11.     The Defendant regularly paid Mier paychecks which did not correctly reflect the overtime to which he was entitled.

12.     The Defendant's practice of failing to pay overtime compensation violated the FLSA.   The Defendant knew or showed reckless disregard for whether their actions violated the FLSA.

13.     Other "Rig Hand" employees employed by the Defendant were also denied overtime pay under the same or similar payroll policies that caused Mier to not receive his overtime pay. Accordingly, these other "Rig Hand" employees are similarly situated to Mier and should be notified of this action and given the opportunity to join.

14.     The collective action class is properly defined as:

> **All "Rig Hands" – employees who work on site in furtherance of onshore oil and gas drilling and or production - employed by the Defendant who were paid at their straight time rate for at least one overtime hour worked in any work week during the past three years.**

### CAUSE OF ACTION

15.     Mier incorporates by reference all allegations asserted above.

16.     The Defendant's failure to pay overtime wages to Mier and similarly situated employees

3

was and is a violation of the FLSA.   Accordingly, Mier and similarly situated employees are entitled to their unpaid overtime wages, liquidated damages equal to their unpaid overtime wages, and reasonable attorney's fees and costs.   29 U.S.C. §§ 207, 216(b).

### JURY DEMAND

17.     Mier and others similarly situated employees demand a jury trial.

### PRAYER

18.     WHEREFORE, Mier requests that this Court award him and similarly situated employees judgment against the Defendants for:

1.     Damages for the full amount of his unpaid overtime compensation;

2.     An amount equal to his unpaid overtime wages as liquidated damages;

3.     Loss of earning capacity sustained in the past;

4.     Loss of earning capacity that, in reasonable probability, will be sustained in the future;

5.     Reasonable attorney's fees, costs and expenses of this action;

6.     Post-judgment interest at the highest rates allowable by law; and

7.     Such other and further relief as may be allowed by law.

Respectfully submitted,

**BUZZARD LAW FIRM, P.C.**

*/* **s/ ROSS D. BUSSARD**

By:     _____
        ROSS D. BUSSARD
        State Bar of Texas No.   24082756
        BUZZARD LAW FIRM, P.C.
        208 N. Russell
        Pampa, Texas 79065
        E-mail: rbussard@nts-online.net

4

(806) 665-7281
FAX (806) 669-0972